UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY FERNANDEZ,

    Plaintiff,

v.                                                                 CASE NO. 8:16-cv-1542-T-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a period of disability, disability insurance benefits and supplemental security income. Plaintiff alleges he became disabled on October 7, 2011. Plaintiff's applications were denied initially and on reconsideration. A hearing was held before the initially assigned Administrative Law Judge on February 27, 2014, at which Plaintiff was represented by an attorney. (Tr. 27-47.) The Administrative Law Judge who held the hearing retired before rendering a decision and before approving a draft decision. The Commissioner then reassigned the matter to another Administrative Law Judge ("ALJ"), who reviewed the hearing transcript and the record, and who found Plaintiff not disabled from October 7, 2011 through July 8, 2014, the date of the

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 14, 17.)

decision. (Tr. 12-20.)

Plaintiff is appealing the Commissioner's decision that he was not disabled during the relevant time period. Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the undersigned determines that the Commissioner's decision is due to be **REVERSED AND REMANDED**.

**I.     Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into

2

account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff argues two issues on appeal. Plaintiff contends that the ALJ erred in not conducting a second hearing in light of the policies as set forth in the Social Security Administration's *Hearings, Appeals, and Litigation Manual*, HALLEX I-2-8-40. Plaintiff also argues that the ALJ erred in determining that Plaintiff could perform jobs that exist in significant numbers in the national economy by relying on the Medical-Vocational Guidelines ("Grids") without testimony from a vocational expert ("VE"). The undersigned agrees with Plaintiff with respect to his second contention and thus determines that remand is warranted without addressing the first issue raised on appeal.

### A. The ALJ's Decision

The ALJ determined that Plaintiff engaged in substantial gainful activity ("SGA") from October 7, 2011 to December 31, 2012, and was not disabled during that time period. (Tr. 14.) However, the ALJ determined that Plaintiff had severe impairments during the time period that he did not engage in SGA, including disorders of the spine, osteoarthritis of the right knee, and a learning disorder. (Tr. 15.) The ALJ then determined that Plaintiff did not have an

impairment or combination of impairments that functionally equals the severity of the listings. (Tr. 15-17.) Continuing on with the evaluation, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined by the Regulations, except that "he can only occasionally climb ramp and stairs, stoop, bend, kneel, crouch and crawl; never climb ladders, ropes, or scaffolds; and can frequently balance; he should avoid concentrated exposure to vibration and hazards. He is limited to simple tasks." (Tr. 17.)

The ALJ determined that Plaintiff could not perform any past relevant work, but that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 19.) In making this determination, the ALJ relied on the Grids in lieu of VE testimony. Specifically, the ALJ provided the following discussion:

> If the claimant had the [RFC] to perform the full range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.11. However, the additional limitations have little to no effect on the occupational base of unskilled light work. A finding of "not disabled" is therefore appropriate under the framework of this rule.
>
> Social Security Ruling 83-10 states that the occupational base underlying the [Grids] consists of numerous "unskilled" occupations existing at various exertional levels. 20 CFR 404.1568(a) and 416.968(a) define "unskilled" work as consisting of "simple duties," i.e., "duties that can be learned on the job in a short period of time" and which require "little or no judgment." Therefore, an individual (like the claimant) who is able to perform "simple duties" is obviously able to perform "unskilled" work, and the [Grids] dictate that significant

4

> numbers of unskilled jobs exist in the national economy that such a person can perform.

(Tr. 20.)

### B. The ALJ Erred at Step Five

Once Plaintiff established at step four of the evaluation process that his impairments prevented him from performing his past relevant work, the burden shifted to the Commissioner to show that Plaintiff was able to perform other work that exists in significant numbers in the national economy. *See Cowart v. Schweiker*, 662 F.2d 731, 736 (11th Cir. 1981). To satisfy this burden, the ALJ was required to develop a full record concerning the vocational opportunities available to Plaintiff. *See Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). In making that determination, the ALJ may either apply the Grids or consult with a VE. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).

Exclusive reliance on the Grids is inappropriate when the "claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004).[2] In those instances, an ALJ is required to consult a VE. *Id.* However, "[r]eliance on the

---

[2] Exertional impairments consist of limitations that affect a claimant's ability to meet the strength demand of a given job, including the ability to sit, stand, walk, lift, carry, push and pull. 20 C.F.R. §§ 404.1569a(b); 416.969a(b). Nonexertional impairments consist of limitations and restrictions that affect the claimant's ability to meet the demand of jobs other than the strength requirements, including postural and manipulative limitations. 20 C.F.R. §§ 404.1569a(c); 416.969a(c).

5

[G]rids is proper where substantial evidence supports the ALJ's determination that the claimant's non-exertional impairments did not significantly limit his ability to perform specified types of work." *Syrock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). This requirement is satisfied if the claimant's non-exertional impairments do not preclude "a wide range" of work at a given exertional level. *Phillips*, 357 F.3 at 1243. Ordinarily, when non-exertional impairments are alleged, "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a [VE]." *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); see also *Allen*, 880 F. 2d at 1202 ("Ordinarily, when non-exertional limitations are alleged, [VE] testimony is used.").

When analyzing non-exertional impairments, the ALJ must make an express finding that they do not significantly limit the claimant's basic work activities in order to use the Grids to find a claimant "not disabled" without hearing relevant testimony from a VE. *Phillips*, 357 F.3d at 1243. "However, it is not enough for the ALJ to say that the claimant's nonexertional [impairments] are not significant. That finding must be supported by substantial evidence." *Chabriel v. Comm'r of Soc. Sec.*, No. 6:13-cv-1711-Orl-28TBS, 2015 WL 269054, at *5 (Jan. 21, 2015).

Here, the ALJ found that Plaintiff's "additional limitations have little or no effect on the occupational base of unskilled light work." (Tr. 20.) The ALJ further explained that the regulations define "'unskilled' work as work consisting of

'simple duties,' i.e., 'duties that can be learned on the job in a short period of time' and which require "little or no judgment." Therefore, the ALJ determined that Plaintiff, who is able to perform "simple duties," is "obviously able to perform 'unskilled work', and the [Grids] dictate that significant numbers of unskilled jobs exist in the national economy that [Plaintiff] can perform." (*Id.* (citing 20 C.F.R. §§ 404.1568(a) & 416.968(a)).)

The explanation provided by the ALJ does not constitute substantial evidence that Plaintiff's non-exertional impairments allow him to perform a wide range of unskilled light work. As an initial matter, it is clear that an ALJ's general statement that a claimant's "additional limitations have little or no effect on the occupational base of unskilled light work," lacks sufficient clarity to allow a reviewing court to determine whether the proper legal analysis was conducted. *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a [VE].") (citing *Allen*, 880 F.2d at 1202); *Owens II v. Comm'r of Soc. Sec.*, 508 F. App'x 881, 884 (11th Cir. 2013) (reaffirming the principles set forth in *Marbury & Allen* and finding that the ALJ's statement that "additional limitations have little or no effect on the occupational base of unskilled medium work" lacked sufficient clarity to allow a reviewing court to determine whether the

7

proper legal analysis was conducted); *DiFranco v. Colvin*, No. 8:12-cv-1978-T-TGW, 2013 WL 4494124, at *5 (M.D. Fla. Aug. 20, 2013) (noting that the ALJ's conclusory statement that "'unskilled jobs at all levels of exertion constitute the potential occupational base for persons who can meet the mental demand of unskilled work (SSR 85-15)' so that 'the additional limitations have little or no effect on the occupational base of unskilled sedentary work'" is the type of assertion that was flatly rejected in *Marbury & Allen*); *Fernandez v. Colvin*, No. 12-CV-20468-TURNOFF, 2015 WL 12552076, at *6 (S.D. Fla. Mar. 13, 2015) (finding the ALJ's conclusion that "the additional limitations have little or no effect of the occupational base of unskilled light work" and further explanation that the plaintiff's "physical and mental limitations would not significantly erode the number of unskilled light occupations in the national economy (SSRs 96-9p & 85-15)" to be insufficient).

Here, the ALJ's statement that Plaintiff's "additional limitations have little or no effect of the occupational base of unskilled light work," fails to provide clarity as to whether Plaintiff can do unlimited types of light work. *See, e.g., Johnson v. Colvin*, No. 8:14-cv-41-T-27TBM, 2015 WL 1423127, at *3 (M.D. Fla. Mar. 27, 2015) (adopting Judge McCoun's Report and Recommendation as modified and remanding the case because the ALJ failed to provide clarity as to whether the plaintiff could perform a full range of light work); *Fernandez*, 2015 WL 12552076, at *6 (finding that the ALJ's general statement that "the additional limitations have

8

little or no effect of the occupational base of unskilled light work," failed to provide clarity as to whether the plaintiff could perform unlimited types of light work).

To the extent the Commissioner argues that the ALJ's further explanation of unskilled work constitutes substantial evidence supporting the decision, the undersigned disagrees. Although the ALJ referenced that "unskilled" work includes "simple duties," the ALJ failed to discuss Plaintiff's other non-exertional impairments, such as occasional climbing of ramps and stairs, bending, kneeling, crouching, and crawling; frequent balancing; never climbing ladders, ropes or scaffolds; and avoiding concentrated exposure to vibration and hazards, and their effect (alone and in combination) on Plaintiff's ability to perform a "wide range" of light unskilled jobs.

The Commissioner contends that substantial evidence supports the decision because Social Security Regulation 83-14 indicates that very few jobs require Plaintiff's postural and environmental limitations. However, the Court cannot accept the Commissioner's *post hoc* rationalization here. *See, e.g., Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("[A] court may not accept appellate counsel's *post hoc* rationalizations for agency actions. If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.") (internal citations omitted). Moreover, such contention is unavailing because the decisions in *Marbury* and *Allen* are binding on this Court. *Blake v. Colvin*, 8:12-cv-2736-T-TGW, 2014 WL 109113, at *4 (M.D. Fla. Jan. 10,

2014) ("The Commissioner contends that Social Security Rulings 83-14 and 85-15 indicate that the plaintiff's particular limitations do not erode significantly the [G]rid's occupational base and therefore do not preclude the law judge from concluding that the plaintiff can perform the full range of light work. This contention is unavailing because the Eleventh Circuit decisions of *Marbury v. Sullivan and Allen v. Sullivan* are binding on this court.") (internal and external citations omitted).

Finally, the Commissioner points to the Eleventh Circuit's holding in the unpublished case of *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874 (11th Cir. 2006), that "a limitation to simple tasks is already contained within the unskilled limitation, and is not a limitation above and beyond that classification." *Id*. at 878. While this may be true, the Eleventh Circuit also recognized in *Vuxta* that a limitation to repetitive tasks is not included within the definition of unskilled work and remanded the case, in part, for the ALJ to determine whether such limitation precludes the plaintiff from performing a wide range of work at the particular level before relying on the Grids. *Id.* Similarly, a limitation to routine tasks is not included within the definition of unskilled work. *See, e.g., Welcz v. Comm'r of Soc. Sec.*, No. 6:12-cv-106-Orl-22GJK, 2012 WL 7006301, at *13 (M.D. Fla. Dec. 17, 2012) (recognizing that the definition of unskilled work does not include a limitation to routine tasks and recommending remand based on the ALJ's failure address the plaintiff's limitation to routine tasks), *adopted in* 2013 WL 436166.

Although the ALJ limited Plaintiff to "simple tasks" in the RFC determination, the ALJ attached "great weight" to mental health experts, Drs. David Partyka and Judith Myers, who limited Plaintiff to "simple, routine, and repetitive [tasks]." (Tr. 19, 63, 76, 91, 104.) It is unclear why the ALJ failed to include the "routine" and "repetitive" tasks limitations, along with the "simple" tasks limitation, in the RFC determination, which would have necessitated further explanation at step five. *See, e.g., Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) (stating that reversal is required where an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others).

### III.     Conclusion

The ALJ failed to provide a substantial evidentiary basis for finding that Plaintiff's non-exertional impairments have little or no effect on the occupational base of unskilled light wok. Because that finding is not supported by substantial evidence, neither is the ALJ's conclusion that a significant number of jobs exist for someone of Plaintiff's age, RFC, and educational and vocational background. Remand is therefore required for the ALJ to conduct a proper step-five analysis, which will almost certainly require obtaining VE testimony.

Accordingly, it is **ORDERED**:

1.     The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** for further proceedings consistent

11

with the findings in this Order.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-124-Orl-22 (*In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ENTERED** at Jacksonville, Florida, on August 30, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record